# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| JUUL LABS, INC., | |
| **Plaintiff,** | 1:20-cv-04086 |
| v. | **JURY TRIAL DEMANDED** |
| SKY DISTRIBUTION LLC, | |
| **Defendant.** | Honorable Matthew F. Kennelly |

## PLAINTIFF'S INITIAL STATUS REPORT

1.  **Nature of the Case and Status of Service**

    A.  **The attorneys of record for each party, including the lead trial attorney.**

    Plaintiff Juul Labs Inc. ("JLI") is represented by Brianne M. Straka of Quinn Emanuel Urquhart & Sullivan LLP, located at 191 N. Wacker Drive, Suite 2700, Chicago, Illinois 60606, Tel.: (312) 705-7400, Fax: (312) 705-7401.  Her Illinois Bar ID Number is 6300972.  Ms. Straka is acting as local counsel in this case.

    Plaintiff is also represented by Victoria F. Maroulis of Quinn Emanuel Urquhart & Sullivan LLP, 555 Twin Dolphin Dr., 5th Floor, Redwood Shores, California 94065, Tel.: (650) 801-5000, Fax: (650) 801-5100.  Her Illinois Bar ID Number is 90785643.  She is a member of the trial bar of the Northern District of Illinois.  Ms. Maroulis is acting as the co-lead trial attorney for Plaintiff.

    Plaintiff is further represented by Kevin P.B. Johnson (California State Bar Number 177129), Andrew M. Holmes (California State Bar Number 260475), and Olga Slobodyanyuk (California State Bar Number 311194), of Quinn Emanuel Urquhart & Sullivan LLP, 555 Twin Dolphin Dr., 5th Floor, Redwood Shores, California 94065, Tel.: (650) 801-5000, Fax: (650) 801-5100.  Their pro hac vice applications are forthcoming.

    Plaintiff is unaware whether Defendant Sky Distribution LLC is represented.

    B.  **Status of service of process upon each defendant**

All parties have been served. The Summons, Complaint, and other service materials were personally served on an individual, Rabee Hamayel, the Registered Agent for Sky Distribution LLC, on August 1, 2020. Dkt. 8. Further details of service on Defendant are described in Plaintiff's Application for Entry of Default Against Defendant Sky Distributions LLC. Dkt. 10.

Plaintiff requested an entry of default against Defendant on October 2, 2020. Dkt. 10. Prior to seeking entry of default, on September 23, 2020, Plaintiff called Defendant and left a voicemail, but have not heard back.

Default was entered on October 4, 2020. Dkt. 12.

### C.     The basis for federal jurisdiction.

This Court has subject-matter jurisdiction over JLI's patent infringement claims under 28 U.S.C. §§ 1331 and 1338(a).

### D.     Description of each party's claims and defenses

On July 10, 2020, Plaintiff filed its Complaint against Defendant for infringement of the sole claim of U.S. Patent No. D842,536, the sole claim of U.S. Patent No. D858,870, the sole claim of U.S. Patent No. D858,869, and the sole claim of U.S. Patent No. D858,868.

There are currently no counterclaims or affirmative defenses.

In its Complaint, Plaintiff requests that the Court order:

(1) That Defendant and all of its subsidiaries, affiliates, officers, agents, servants, employees, attorneys, and their heirs, successors and assigns, and all persons acting in concert or participation with it and each of them, be immediately enjoined and restrained, preliminarily and permanently, without bond, from manufacturing, distributing, selling or offering to sell in the United States or importing into the United States products infringing the claims of the patents-at-issue; and deliver to JLI all products that infringe the Asserted Patents;

(2) A judgment that Defendant has infringed each of the Asserted Patents;

(3) An award of damages for infringement of the Asserted Patents together with prejudgment interest and costs, said damages to be trebled by reason of the intentional and willful nature of Defendant's infringement, as provided by 35 U.S.C. § 284;

(4) An accounting of Defendant's profits pursuant to 35 U.S.C. § 289;

(5) Costs of suit;

(6) Finding of the case to be exceptional under 35 U.S.C. § 285, and an award of JLI's reasonable attorneys' fees;

(7) That any monetary award includes pre- and post-judgment interest at the highest rate allowed by law; and

(8) Such other relief as the Court may deem just and proper.

**E.    The major legal and factual issues in the case.**

(1) Facts pertinent to patent infringement;

(2) Facts pertinent to damages;

(3) Whether Defendant's infringement was willful, as provided by 35 U.S.C. § 284.

**2.    Proposed Discovery Plan and Pretrial Schedule**

Defendant Sky Distribution LLC has been held in default for failure to respond to the complaint following service of summons.  Dkt. 12.

JLI respectfully requests that following the entry of default, JLI be permitted to wait at least until the completion of discovery in the related pending investigation before the International Trade Commission titled In the Matter of Certain Vaporizer Cartridges and Components Thereof, Inv. No. 337-TA-1211, (Aug. 10, 2020) (the "ITC Action"), which is currently scheduled to be completed by February 12, 2021, to request entry of default judgment. *See* Dkt. 11.

**3.    Settlement**

The parties are not discussing settlement because Defendant has been held in default and Plaintiff has not been in touch with Defendant.  Dkt. 12.

**4.    Consent to Proceed Before a Magistrate Judge**

Plaintiff's counsel has informed its client of the magistrate judge option and does not consent to a magistrate judge.

Dated: October 7, 2020          Respectfully submitted,

By: _Brianne M. Straka_____
Brianne M. Straka
QUINN EMANUEL URQUHART
  & SULLIVAN LLP
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
Tel.:   (312) 705-7400
Fax:   (312) 705-7401

Kevin P.B. Johnson*
Victoria F. Maroulis
Andrew M. Holmes*
Olga Slobodyanyuk*
QUINN EMANUEL URQUHART
  & SULLIVAN LLP
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California 94065
Tel.:   (650) 801-5000
Fax:   (650) 801-5100

*pro hac vice application forthcoming

Attorneys for Plaintiff
JUUL LABS, INC.

## CERTIFICATE OF SERVICE

The undersigned attorney for Plaintiff hereby certifies that on October 7, 2020 a true and correct copy of the foregoing was filed using the Court's CM/ECF system and that a copy of the foregoing was sent to Defendant via USPS the same day.

By: _Brianne M. Straka_____
Brianne M. Straka